IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:15-cv-61131-KMM

MYRNA TAIARIOL,

    Plaintiff,

v.

MSC CROCIERE, S.A.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This cause came before the Court upon Defendant MSC Crociere, S.A.'s ("MSC") Motion for Summary Judgment (ECF No. 44). Plaintiff Myrna Taiariol ("Taiariol") filed a Response (ECF No. 61), and MSC replied (ECF No. 68). The Motion is now ripe for review. For the reasons set forth below, MSC's Motion for Summary Judgment is GRANTED.

**I.    BACKGROUND**[1]

This is a maritime personal injury action brought by Plaintiff Myrna Taiariol against MSC seeking recovery for damages Taiariol allegedly sustained while exiting a theater aboard the MSC *Divina*. *See generally* Compl. (ECF No. 1).

On May 19, 2014, Taiariol and her husband departed on a nineteen-day cruise from Miami aboard the MSC *Divina*. Prior to the subject incident, Taiariol attended several shows in *Divina's* Pantheon Theater and sat in the balcony on at least one occasion. On May 29, 2014, Taiariol returned to the theater to attend an evening performance. Taiariol sat in the first seat in

---

[1] The facts are taken from the Complaint, MSC's Statement of Undisputed Material Facts (ECF No. 45), Taiariol's Statement of Undisputed Material Facts, which are incorporated into Taiariol's Response to MSC's Motion for Summary Judgment (ECF No. 61), and a review of the corresponding record citations and submitted exhibits.

the front row of a balcony section during the performance.  To reach her seat, Taiariol had to negotiate a step that had metal "nosing"[2] with a black non-skid wear strip and lights running down the entire length of the step.  Once the show ended, Taiariol stood to exit the theater and her right foot allegedly slipped on the brightly illuminated metal stair "nosing" adjacent to her seat, causing her to fall.  Taiariol asserts that as a result of the fall, she suffered a right ankle fracture which required surgery.

On May 29, 2015, Taiariol filed a one-count Complaint (the "Complaint") asserting a negligence claim against MSC.  In the Complaint, Taiariol alleges that MSC owed her a duty to to exercise ordinary and reasonable care under the circumstances and that MSC breached this duty of care by committing several acts or omissions.[3]  *See* Compl. ¶ 11.  MSC now moves for summary judgment.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed R. Civ. P. 56.  A genuine issue of material fact exists when "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "For factual issues to be considered genuine,

---

[2]  Stair nosing is usually referred to as the front of the stair step or tread.  Nosings are installed at the edge of the step to provide both safety and prevent the step from becoming worn.  *See generally Holderbaum v. Carnival Corp.*, 87 F. Supp. 3d 1345 (S.D. Fla. 2015).

[3]  Taiariol alleges that MSC failed to: (1) "provide a safe means of ingress and egress to the Pantheon Theater," Compl. ¶ 11(A); (2) "provide safe pathways, walkways and stairways" in the theater, *id.* ¶ 11(B); (3) "inspect the pathways, walkways and stairways . . . to learn of the existence of dangerous and slippery conditions" and not warning passengers of the allegedly unsafe condition, *id.* ¶ 11(C); (4) adequately equip the vessel's walkways and stairways with lights, railings and other markings to assist with exiting and entering the theater, *id.* ¶ 11(D); and (5) follow its own internal safety policies and procedures, as well as various industry standards and regulations, *id.* ¶ 11(E).

they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation or conjecture cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); *see also* Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III.   DISCUSSION**

MSC argues that it is entitled to summary judgment for three reasons: (1) The conditions that Taiariol alleges caused her injury were open and obvious; (2) MSC had no actual or constructive notice of a risk-creating condition; and (3) there is no evidence that MSC designed or built the MSC *Divina*, the subject step, or the metal step "nosing" that Taiariol claims caused her injury. On the other hand, Taiariol asserts that the slippery nature of the raised metal wear

3

strip was not an open and obvious danger. Taiariol also argues that MSC had constructive notice of a dangerous condition based on substantially similar prior incidents. Lastly, Taiariol contends that a "watch your step" sticker on the subject step creates a jury question as to MSC's knowledge that the wear strip was dangerous.[4]

Viewing the facts in the light most favorable to Taiariol as the non-movant, the Court finds that MSC is entitled to summary judgment. Taiariol has failed to adduce any evidence that MSC breached its duty of care. First, MSC had no duty to warn of an open and obvious condition. Second, Taiariol has not put forth sufficient evidence that MSC had actual or constructive notice of the allegedly dangerous condition, or that, even assuming a dangerous condition existed, that Taiariol's damages were proximately caused by the breach of duty. Absent such evidence, MSC cannot be held liable for Taiariol's injuries.

### A. Applicable Law

General maritime law governs tort actions between a cruise line and its passengers. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). In analyzing a maritime tort case, courts "rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). Only negligence will give rise to liability as "[c]ruise ship operators are not an all-purpose insurer of a passenger's safety." *Lugo v. Carnival Corp.*, No. 1:15-CV-21319-KMM, 2015 WL 9583280, at *3 (S.D. Fla. Dec. 31, 2015); *Weiner v. Carnival Cruise Lines*, No. 11–CV–22516, 2012 WL 5199604, at *2 (S.D. Fla.

---

[4] Additionally, Taiariol asserts that scuff marks on the "watch your step" sticker create a question of fact as to MSC's notice of the allegedly dangerous condition. However, the inferences that Taiariol asserts give rise to a jury question rest upon mere speculation and guesswork, rendering the inferences unreasonable and insufficient to survive summary judgment. *See Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982) (noting "an inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation") (internal quotation marks omitted).

Oct. 22, 2012) ("A carrier by sea does not serve as an insurer to its passengers; it is liable only for its negligence.").

To establish a negligence claim, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro*, 693 F.3d at 1336. The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action. *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment.").

A cruise ship operator owes its passengers "the duty of exercising reasonable care under the circumstances of each case." *Torres v. Carnival Corp.*, No. 14-13721, 2015 WL 7351676, at *5 (11th Cir. Nov. 20, 2015) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959)). This standard of care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. Further, a cruise ship operator's duty of reasonable care "includes a duty to warn passengers of dangers of which the carrier knows or should know, but which may not be apparent to a reasonable passenger." *Frasca v. NCL (Bahamas) Ltd.*, No. 12-20662-CIV, 2014 WL 1385806, at *6 (S.D. Fla. Apr. 9, 2014). However, there is no requirement to warn of dangers that are open and obvious. *Smith v. Royal Caribbean Cruises, Ltd.,* 620 F. App'x 727, 730 (11th Cir. 2015); *see also Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351, 1357 (S.D. Fla. 2013) ("[T]here is no duty to warn of dangers that [are] of an obvious and apparent nature.") (internal quotation marks omitted).

5

"Open and obvious conditions are those that should be obvious by the ordinary use of one's senses." *Lugo*, 2015 WL 9583280, at *4 (quoting *Lancaster v. Carnival Corp.*, 85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015) (noting that open and obvious conditions are "discernible through common sense and the ordinary use of eyesight")). Whether a danger is open and obvious is determined from an objective, not subjective, point of view. *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, at *3 (S.D. Fla. Dec. 7, 2015) (internal quotation and citation omitted); *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F. Supp. 2d 1345, 1351 (S.D. Fla. 2008) ("Individual subjective perceptions of the injured party are irrelevant in the determination of whether a duty to warn existed.").

### B.  MSC Had No Duty to Warn of an Open and Obvious Condition

MSC did not breach its duty of reasonable care by failing to warn Taiariol of a condition of which she, or a reasonable person in her position, would be aware. *See Smith*, 620 F. App'x at 730. To begin with, the metal "nosing" on the step where Taiariol allegedly slipped was brightly illuminated and not obscured or hidden. As previously mentioned, courts have regularly found a defendant had no duty to warn of a danger that is "open and obvious by nature." *See Lancaster*, 85 F. Supp. 3d at 1344-45; *see also Lugo*, 2015 WL 9583280, at *4 (reasoning that "any danger posed by descending a bunk bed ladder that did not reach the floor of the cabin was open and obvious to Plaintiff"); *Poole v. Carnival Corp.*, No. 14-20237-CIV, 2015 WL 1566415, at *5 (S.D. Fla. Apr. 8, 2015) (holding defendant had " no duty to warn Plaintiff about something that she should have noticed through the ordinary use of her senses"); *Frasca*, 2014 WL 1385806, at *7 (finding no duty to warn of slick deck when environmental conditions were "obvious to a reasonable person").

Additionally, during her deposition, Taiariol stated that she had previously negotiated the step on the way to her balcony seat in the Pantheon Theater without incident.[5] Though analysis of whether a condition is open and obvious is applied from an objective standpoint, the Court notes that Taiariol was also aware of the metal wear strip on the step she allegedly slipped on.

The gravamen of Taiariol's opposition to summary judgement is that it was the slippery nature of the metal wear strip—not the step itself—that set her fall in motion. However, the slippery nature of an aluminum wear strip is a condition that is "open and obvious to any reasonably prudent person through the exercise of common sense and the ordinary use of their eyesight."[6] *See Lugo*, 2015 WL 9583280, at *4; *see also Wish v. MSC Crociere S.A.*, No. 07-60980-CIV, 2008 WL 5137149, at *3 (S.D. Fla. Nov. 24, 2008) (determining that "[t]he mere fact that one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a floor was slick make the owner liable") (quotation omitted). As such, there remains no genuine issue of material fact as to the claim that MSC breached its duty to warn.

---

[5]  Taiariol testified as follows:

> Q. Okay. Let me make sure I'm understanding right. How did you - - to enter the Theatre before the incident, did you have to pass through the step with the bar on it, this bar is what we're calling it?
>
> A. The strip.
>
> Q. The strip. Sorry. Did you have to go through there to get to your seat?
>
> A. Yes.
>
> Q. Did you have any problems going through that area to get to your seat?
>
> A. No.

Myrna Taiariol Dep. at 67:4–17 (ECF No. 44–3).

[6]  Drawing from the well of human experience leads one to the realization that smooth metal surfaces are slippery and these equally self-evident conclusions: grass is green and water is wet.

7

### C. There is No Evidence that MSC Had Actual or Constructive Notice

Assuming that the risk-creating condition was not open and obvious, MSC's liability then turns on whether it had notice—either actual or constructive—of the alleged dangerous condition.[7] *See Keefe*, 867 F.2d at 1322. Courts routinely grant summary judgment in a defendant's favor when a plaintiff fails to adduce evidence on the issue of notice. *See Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1324 (S.D. Fla. 2015) ("Because Plaintiff has failed to cite any evidence in the record showing that [Defendant] had actual or constructive notice of the risk-creating condition alleged in the complaint . . . summary judgment in favor of [Defendant] is appropriate in this matter."); *Thomas v. NCL (Bahamas) Ltd.,* No. 13-24682-CIV, 2014 WL 3919914, at *4 (S.D. Fla. Aug. 11, 2014) (granting summary judgment where "[t]he unrefuted evidence in the record instead indicates a lack of actual or constructive notice"); *Cohen*, 945 F. Supp. 2d at 1355 (granting summary judgment where plaintiff "presented no evidence that [Defendant] had actual or constructive notice of the alleged risk-creating condition," noting such evidence could include "a record of any accident reports, passenger comment reviews or forms, or reports from safety inspections alerting [Defendant] of any potential safety concern").

Courts have also found that at this stage of disposition, "mere implication of actual or constructive notice is insufficient to survive summary judgment." *See Lipkin*, 93 F. Supp. 3d at 1323 (citation omitted); *see also Thomas*, 2014 WL 3919914, at *4; *Cohen*, 945 F. Supp. 2d at 1357 (citing *Adams v. Carnival Corp*., 2009 WL 4907547, at *5 (S.D. Fla. Sept. 29, 2009) (finding plaintiff needed "specific facts" rather than "mere implication" to demonstrate notice)).

---

[7] As neither party argues actual notice, the Court's analysis will focus on whether MSC had constructive notice of a risk-creating condition.

Implication is all that Taiariol offers. Certainly, Taiariol has offered some limited evidence of prior falls aboard a variety of MSC's ships including the *Divina*. But what is lacking is evidence of substantially similar slip and falls either on metal stair "nosings" or in the theater where Taiariol fell. At bottom, Taiariol has not provided evidence to refute testimony by the MSC *Divina*'s Safety Officer that "there was no accident similar to the one that happened to Ms. Taiariol in the Theatre . . . ." Vincenzo Astarita Dep. at 70:24–25, 111:6–9 (ECF No. 44–6) ("I didn't find any accidents . . . I didn't find any accidents of a fall regarding that anti-slip strip.") The record is simply devoid of any reference to an accident aboard the *Divina* that would have alerted MSC to a dangerous condition in the Pantheon Theater or with the metal wear strips.

This lack of evidence with regards to prior accidents runs counter to the Eleventh Circuit's "substantial similarity doctrine" which requires a party to provide evidence of "conditions substantially similar to the occurrence in question" that "caused the prior accident." *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988) (citation omitted); *see also Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287–88 (11th Cir. 2015) (affirming district court's ruling that "evidence of 22 other slip and fall incidents" aboard defendant's vessel did not meet the "substantial similarity doctrine" as none of the falls occurred where plaintiff fell, other injured passengers wore varying styles of footwear, and additional factors were involved); *Frasca*, 2014 WL 1385806, at *8 (determining that plaintiff was "unable to show that another passenger slipped and fell where [plaintiff] fell, under similar conditions").

*Frasca* is illustrative of just how attenuated the relationship is between every other slip/trip and fall aboard the *Divina* or MSC's other vessels and the accident at issue here. In *Frasca*, the court granted summary judgment in defendant's favor where "there was no

testimony about prior instances of substantially similar slip and falls." *Id.* at \*9. The court provided the following explanation:

> [T]he mere fact that another passenger somehow slipped and fell on a deck somewhere aboard a cruise ship does not establish the requisite similarity. There are too many other unknown factors to conclude that the incidents are sufficiently similar. For instance, were the prior falls on a rain-soaked deck or was the deck wet or slippery because of another substance? What type of shoes, if any, was the passenger wearing? Was the passenger engaged in an activity other than walking, such as running or playing a game? Did the fall occur on the same deck surface? [Plaintiff] has provided no answers to these types of questions to assist the Court.

*Frasca*, 2014 WL 1385806, at \*8. Likewise, Taiariol has not provided this Court with answers to these and other questions necessary to establish the similarity of the accidents Taiariol suggests would give MSC notice of a dangerous condition.

Moreover, even if one views the issue through a general foreseeability lens, there is no evidence that the type of slip and fall Taiariol experienced "occurred with enough frequency to impute constructive notice" to MSC of a dangerous condition in the Pantheon Theater. *See Weiner*, 2012 WL 5199604, at \*5 (finding no evidence "that spills and accidents of the sort" Plaintiff experienced occurred enough to "impute constructive notice"); *see also Mercer v. Carnival Corporation*, 2009 WL 302274, at \*2 (S.D. Fla. Feb. 9, 2009) (rejecting argument that cruise line "had actual or constructive notice of the dangerous propensities of high gloss hardwood floors being in close proximity to the bathroom," where plaintiff fell after exiting the shower, because plaintiff failed to produce "any evidence to support his contention that [cruise line] had notice of the allegedly dangerous condition"). Quite simply, there is no evidence that

accidents like the subject incident frequently occurred in the Pantheon Theater or involved metal stair "nosings," to render steps—like the one at issue here—unreasonably dangerous to traverse.[8]

Nor does the "watch your step" sticker create an issue of material fact as to MSC's notice for several reasons. First, there is no evidence that MSC installed the sticker as a cautionary warning to passengers about the dangers of steps or the slippery nature of the stair's metal "nosing." Certainly, if there was evidence that MSC had placed the sticker in that location then actual notice of the dangerous condition would exist. *See Harnesk v. Carnival Cruise Lines, Inc.*, No. 87-2328-CIV-DAVIS, 1991 WL 329584 (S.D. Fla. Dec. 27, 1991) (finding defendants "had actual notice of the unreasonably dangerous" condition "because they installed two strips of tape one inch thick lettered 'Watch Your Step'").

Second, the cases Taiariol relies on to evince a defendant's actual knowledge of a dangerous condition involved transitory warnings such as a "slippery when wet" sign or a warning cone. *See Merideth v. Carnival Corp.*, 49 F. Supp. 3d 1090, 1094 (S.D. Fla. 2014) (reasoning that the presence of warning cones could lead a reasonable jury to infer that defendant cruise line was on notice of dangerous condition); *Esanu v. Oceana Cruises, Inc.*, 49 F. Supp. 3d 1078, 1081 (S.D. Fla. 2014) (finding a portable "slippery when wet" sign could lead jury to infer defendant had actual knowledge of hazard). The "watch your step" sticker—placed by the vessel's builder on the step—is readily distinguishable from those portable warning methods and is not evidence of MSC's notice of a dangerous condition. *See Lipkin*, 93 F. Supp. 3d at 1323 (reasoning that in cases where notice was inferred "the warning sign or label was considered evidence of a defendant's notice because the defendant itself was responsible for the warning").

---

[8] Taiariol's efforts to impute constructive notice of an allegedly dangerous condition to MSC requires the Court to follow an inferential chain with more links than the Great Chain that once stretched across the Hudson River. *See generally* Lincoln Diamant, *Chaining the Hudson: The fight for the river in the American Revolution* (1994).

  **D.**  <u>Remaining Theories of Liability</u>

  To the extent Taiariol seeks to draw into question the design and installation of the subject step or the metal "nosing" in the theater, she has presented no evidence that MSC had any say or participation in such design decisions.[9] Absent such, there can be no liability under a negligent design theory. *See Weiner*, 2012 WL 5199604, at \*5 (collecting cases); *Mendel v. Royal Caribbean Cruises, Ltd.*, No. 10-23398-CIV, 2012 WL 2367853, at \*2 (S.D. Fla. June 21, 2012) ("A cruise line is not liable for any alleged improper design if the plaintiff does not establish that the ship-owner or operator was responsible for the alleged improper design.")

  Additionally, because Taiariol has offered no evidence of any breached safety codes or standards, MSC is entitled to summary judgment with respect to any claim based on a breach of internal and industry-wide safety codes, standards, or regulations. *Cohen*, 945 F. Supp. 2d at 1358.

**IV.**  **CONCLUSION**

  Although Taiariol's fractured ankle is an unfortunate injury, "liability cannot rest on sympathy alone." *Weiner*, 2012 WL 5199604 at \*6; *see also Mendel*, 2012 WL 2367853, at \*5 ("[T]here is a fallacy, which seems to be widely accepted, that for any personal injury, however caused, some person or instrumentality should be liable in damages. Such is not and has never been the law.") (internal quotation marks omitted). MSC does not serve as "the insurer of the safety of the passengers," *Cohen*, 945 F. Supp. 2d at 1356, and "does not become liable merely because an accident occurs," *Thomas*, 2014 WL 3919914, at \*5.

  In sum, the Court finds that MSC owed no duty, as a matter of law, to warn Taiariol of risks associated with an open and obvious danger. Alternatively, Taiariol has also failed to cite

---

[9] Nor could she, as the undisputed record evidence provides that a third-party shipyard built the *Divina* in 2012.

any evidence in the record that shows MSC had notice of the risk-creating condition alleged in the complaint.  Because notice is a prerequisite to liability under general maritime law, MSC is entitled to summary judgment in this cause of action. [10]

For the foregoing reasons, it is ORDERED AND ADJUDGED that Defendant MSC Crociere, S.A.'s ("MSC") Motion for Summary Judgment (ECF No. 44) is GRANTED.  All other pending motions are DENIED AS MOOT.  The Clerk of Court is instructed to CLOSE this case.  Defendant shall file a Motion for Final Judgment and a Proposed Order of Final Judgment within 10 days of the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this  12th  day of April, 2016.

*K. M. Moore*

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:      All counsel of record

---

[10]  Even if the Court assumes that Taiariol has established that the alleged danger of the metal wear strip was not open and obvious and that MSC also had notice of the risk-creating condition, Taiariol's negligence claim against MSC would still fail because she has not established that MSC's negligence was the proximate cause of her injuries.  *See Lipkin*, 93 F. Supp. 3d at 1324 (determining Plaintiff's negligence claim fails as "Plaintiff cites no record evidence to show that a genuine issue of material fact exists as to proximate cause"); *see also Poole*, 2015 WL 1566415, at *5 ("In order to establish that [cruise line's] breach of its duty of care proximately caused her injuries, Plaintiff requires the testimony of an expert.").  Taiariol has introduced no evidence or expert testimony to create a genuine issue of material fact on whether the allegedly dangerous condition proximately caused her injury.